UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                 Case No. 8:13-bk-03570-MGW
                                                                       Chapter 7
Tanya Marie Hasse,

    Debtor.
_____/


Guy G. Gebhardt,
Acting United States Trustee, Region 21,

    Plaintiff,

v.

Tanya Marie Hasse,                                                     Adv. Pro. No. 8:13-ap-\_\_\_-MGW

    Defendant.
_____/

**UNITED STATES TRUSTEE'S COMPLAINT**
**OBJECTING TO THE ENTRY OF THE DEBTOR'S DISCHARGE**

    COMES NOW, the Acting United States Trustee for Region 21, by and through his duly authorized trial attorney, and files this complaint objecting to the entry of a discharge of Tanya Marie Hasse ("the Defendant"). The Defendant transferred at least $11,423 of personal property pre-petition and $3,147 of property post-petition. The Defendant failed to disclose these transfers on her Statement of Financial Affairs, gave false testimony during the meeting of creditors regarding pre-petition transfers, and failed

1

to disclose that she was continuing to transfer property of the estate post-petition. The United States Trustee alleges the following in support of this complaint:

### Jurisdiction

1. This complaint is filed pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(2)(B), and (a)(4)(A) and Rule 7001(4) of the Federal Rules of Bankruptcy Procedure.

2. It is a core proceeding and this Court has jurisdiction pursuant to 28 U.S.C. §157(b)(2)(J).

3. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

4. The United States Trustee has standing to bring this action pursuant to 11 U.S.C. §§ 307 and 727(c).

### Factual Allegations

5. On or about September 21, 2012, the Defendant obtained counsel, Melanie Newby, Esq., to provide bankruptcy advice and later represent her regarding bankruptcy.

6. On or about October 9, 2012, the Defendant began selling her personal items, including jewelry, to various unknown buyers including through consignment.

7. On March 21, 2013 ("the Petition Date"), the Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

8. The Defendant simultaneously filed her Schedules and Statement of Financial Affairs under penalty of perjury.

9. During the pendency of this case, the Defendant did not file amendments to her Schedules or Statements reflecting any transfers within two years of the Petition Date.

10. The Defendant declared on Statement of Financial Affairs number ten that she made no transfers within two years immediately preceding the commencement of this case.

11. V. John Brook (the "Trustee") was appointed to serve as chapter 7 Trustee.

12. On April 24, 2013, the meeting of creditors was held and concluded by the Chapter 7 Trustee.

13. At the meeting of creditors, the Defendant testified under penalty of perjury that she did not transfer any property within two years prior to the Petition Date.

14. During the time period of October 9, 2012 through March 12, 2013, the Defendant transferred personal property to third parties and obtained cash of at least $11,423 from the sale of that property(ies).

15. During the time period of April 19, 2013 through July 19, 2013, the Defendant transferred personal property to third parties and obtained cash of at least $3,147 from the sale of that property(ies).

<u>*Count I*</u>
<u>*11 U.S.C. § 727(a)(2)(A)*</u>
<u>*(Transfer and Concealment of Property of the Estate)*</u>

16. The Plaintiff realleges paragraphs 1 through 15 inclusive, and incorporates them by reference.

3

17. Statement of Financial Affairs number 10 directs the Defendant to list all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of the this case.

18. During the time period of October 9, 2012 through March 12, 2013, the Defendant transferred personal property to third parties and obtained cash of at least $11,423 from the sale of that property(ies).

19. The Defendant failed to disclose pre-petition transfers and gave false testimony when she testified that she had not transferred any property within two years of the Petition Date to the Chapter 7 trustee during the meeting of creditors held on April 24, 2013.

20. The Defendant, with the intent to hinder, delay, or defraud a creditor or an officer of the estate, transferred or concealed property of the debtor by failing to disclose the transfers of personal property pre-petition.

WHEREFORE, the United States Trustee respectfully requests that the Court enters a judgment denying the Defendant's discharge pursuant to 11 U.S.C. § 727(a)(2)(A), and grants other such relief that the Court deems appropriate.

*Count II*
*11 U.S.C. § 727(a)(2)(B)*
*(Transfer and Concealment of Property of the Estate)*

21. The Plaintiff realleges paragraphs 1 through 15 inclusive, and incorporates them by reference.

22. During the time period of April 19, 2013 through July 19, 2013, the Defendant transferred personal property to third parties and obtained cash of at least $3,147 from the sale of that property(ies).

23. The Defendant gave false testimony during the meeting of creditors when she testified that she had not transferred anything and omitted the transfers of at least $805 made after the Petition Date and prior to the meeting of creditors.

24. The Defendant continued to transfer personal property after the meeting of creditors and obtained cash of at least $2,342.

25. The Defendant, with the intent to hinder, delay, or defraud a creditor or an officer of the estate, concealed or transferred property of the debtor by failing to disclose the transfers of personal property post-petition.

WHEREFORE, the United States Trustee respectfully requests that the Court enters a judgment denying the Defendant's discharge pursuant to 11 U.S.C. § 727(a)(2)(B), and grants other such relief that the Court deems appropriate.

### Count III
### 11 U.S.C. § 727(a)(4)(A)
### (False Accounts)

26. The Plaintiff realleges paragraphs 1 through 15 inclusive, and incorporates them by reference.

27. The Defendant transferred at least $11,423 of personal property during the time period of October 9, 2012 through March 12, 2013.

28.     The Defendant failed to list pre-petition transfers within two years of the Petition Date on Statement of Financial Affairs number 10, which directs the Defendant to lists all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of the this case.

29.     The Defendant made a false account under penalty of perjury on her Statement of Financial Affairs by failing to initially disclose her pre-petition transfers.

WHEREFORE, the United States Trustee respectfully requests that the Court enters a judgment denying the Defendant's discharge pursuant to 11 U.S.C. § 727(a)(4)(A), and grants other such relief that the Court deems appropriate.

### Count IV
### *11 U.S.C. § 727(a)(4)(A)*
### *(False Oaths)*

30.     The Plaintiff realleges paragraphs 1 through 15 inclusive, and incorporates them by reference.

31.     The Defendant transferred at least $3,147 of personal property during the time period of April 19, 2013 through July 19, 2013.

32.     The Defendant made a false oath under penalty of perjury at the meeting of creditors by failing to disclose the pre-petition transfers of personal property within two years of the Petition Date.

WHEREFORE, the United States Trustee respectfully requests that the Court enters a judgment denying the Defendant's discharge pursuant to 11 U.S.C. § 727(a)(4)(A), and grants other such relief that the Court deems appropriate.

Dated: August 20, 2013.

        Respectfully submitted,

        GUY G. GEBHARDT
        Acting United States Trustee, Region 21

        by: /s/ NICOLE PEAIR
        Nicole Peair (La. Bar. No. 33477)
        Trial Attorney
        Office of the United States Trustee
        501 E. Polk Street, Suite 1200
        Tampa, Florida 33602
        (813) 228-2000/ fax: (813) 228-2303